# IN THE COURT OF APPEALS OF IOWA

No. 19-1916
Filed September 2, 2020

**DAVID EUGENE MADDOX,**
　　　Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
　　　Respondent-Appellee.
_____

Appeal from the Iowa District Court for Pottawattamie County, Jeffrey L. Larson, Judge.

The district court granted the State's motion for summary dismissal of the appellant's second application for postconviction relief. **AFFIRMED.**

Katherine Kaminsky Murphy of Kate Murphy Law, P.L.C., Glenwood, (until withdrawal) and Anne Rohling of Rohling Law, P.L.L.C., Council Bluffs, for appellant.

Thomas J. Miller, Attorney General, and Louis S. Sloven, Assistant Attorney General, for appellee State.

Considered by Bower, C.J., and Doyle and Schumacher, JJ.

**SCHUMACHER, Judge.**

David Maddox appeals from the dismissal of his second application for postconviction relief (PCR). The district court found his application to be untimely. We affirm.

**Background Facts and Proceedings**

Maddox was found guilty of attempted murder, first-degree kidnapping, and first-degree robbery in April 2010. He appealed his convictions, arguing the kidnapping conviction was unsupported by sufficient evidence and he received ineffective assistance of counsel due to counsel's failure to object on sufficiency-of-the-evidence grounds with respect to the kidnapping conviction. We found there was insufficient evidence to support Maddox's conviction for kidnapping in the first degree, and we remanded for entry of judgment and sentence for kidnapping in the third degree. *State v. Maddox*, No. 10-0831, 2011 WL 2075421, at *8 (Iowa Ct. App. May 25, 2011).

After procedendo issued, Maddox was re-sentenced on August 18, 2011. He appealed, and the appeal was dismissed as frivolous. Procedendo issued on August 29, 2012. Maddox then filed a PCR application on November 27, 2012, amending it on March 16, 2015, and filing an addendum on March 3, 2016. Together, these documents alleged Maddox received ineffective assistance of trial counsel, citing at least fourteen perceived deficiencies in representation. Maddox also alleged he received ineffective assistance of appellate counsel due to the failure of counsel on direct appeal to address the deficiencies alleged to have occurred in the criminal trial.

On June 14, 2017, the district court rejected all of the ineffective-assistance-of-counsel claims raised in the PCR application and addendum. Maddox then appealed. This court affirmed the dismissal of his first PCR application. *Maddox v. State*, 17-1026, 2018 WL 4360898, at *6 (Iowa Ct. App. Sept. 12, 2018). We considered arguments that Maddox's trial counsel was ineffective for failing to adequately advise Maddox of his right to testify, object to statements by the prosecutor during closing argument that allegedly constituted prosecutorial misconduct, object to evidence suggesting Maddox committed other bad acts, and make an adequate motion for judgment of acquittal as to the charges for robbery and attempted murder. *Id.* at *2. Following our decision, procedendo issued on November 7, 2018.

On March 8, 2019, 121 days following procedendo, Maddox filed a second PCR application, later amended on May 22, 2019. The second PCR application argued Maddox received ineffective assistance of counsel during his trial, the direct appeal, the first PCR proceeding,[1] and the appeal from the first PCR proceeding. Iowa Code section 822.3 (2019) requires that PCR applications be filed "within three years from the date the conviction or decision is final or, in the event of an appeal, from the date the writ of procedendo is issued." Thus, the period in which Maddox could file a PCR application closed in 2015, three years after procedendo issued following the direct appeal from his convictions. However, Maddox argued his second PCR application was not untimely due to the doctrine

---

[1] On page nine of the application in a footnote, Maddox concedes counsel provided effective representation.

announced in the Iowa Supreme Court's June 2018 decision in *Allison v. State*, 914 N.W.2d 866, 890–91 (Iowa 2018), which created a narrow exception to section 822.3 for claims that PCR counsel was ineffective in presenting claims that trial counsel was ineffective.

On October 23, 2019, the State filed a motion for summary disposition pursuant to Iowa Code section 822.6(3). The State argued Maddox's second PCR application merely restated arguments made in prior proceedings and was time-barred by section 822.3. The State further argued that the untimeliness of Maddox's second PCR application was not cured by *Allison*.

On November 18, 2019, the district court granted the State's motion for summary disposition, finding the second PCR application untimely because, in the language of *Allison*, it was not "filed promptly after the conclusion of the first PCR action."[2] *See* 914 N.W.2d at 890–91. Maddox appealed from summary dismissal, arguing the district court erred by holding that his second PCR application was not "filed promptly."[3]

---

[2] Although the State argued at the trial court level and on appeal that Maddox's claims are cumulative, such was not a basis for the trial court's dismissal.

[3] The district court found that recently enacted legislation related to *Allison*'s holding applied prospectively and not retroactively, and was therefore inapplicable to Maddox's case. The parties do not dispute this finding on appeal. Because we hold *Allison*, 914 N.W.2d at 891, did not save Maddox's second PCR petition, we need not address whether this recent legislation, apparently abrogating *Allison*, applies to this appeal. *See* 2019 Iowa Acts, ch. 140, § 34 ("An allegation of ineffective assistance of counsel in a prior case under this chapter shall not toll or extend the limitations period in this section nor shall such claim relate back to a prior filing to avoid application of the limitation periods.") (codified as amended at Iowa Code § 822.3 (2019)).

**Standard of Review**

"[W]e review a grant of a motion to dismiss a PCR petition for correction of errors at law." *Allison*, 914 N.W.2d at 870.

**Discussion**

In the Supreme Court's *Allison* decision, the court created a "variant" of the doctrine of equitable tolling, saying that "when a timely PCR petition alleging trial counsel was ineffective is filed under section 822.3, the ineffectiveness of postconviction counsel in presenting the claim is a ground of fact sufficient to avoid the statute of limitations." 914 N.W.2d at 890–91. The court held that

> where a PCR petition alleging ineffective assistance of trial counsel has been timely filed per section 822.3 and there is a successive PCR petition alleging postconviction counsel was ineffective in presenting the ineffective-assistance-of-trial-counsel claim, the timing of the filing of the second PCR petition relates back to the timing of the filing of the original PCR petition for purposes of Iowa Code section 822.3 if the successive PCR petition is filed promptly after the conclusion of the first PCR action.

*Id.* at 891. At issue in this case is the court's statement that the second PCR petition must be "filed promptly after the conclusion of the first PCR action." *Id.*

The PCR application accepted as "filed promptly" in *Allison* was filed on November 5 following procedendo on September 10. *Id.* at 869. However, aside from accepting a PCR application filed fifty-six days after procedendo, the court did not define the term "promptly." *See* 914 N.W.2d at 869, 891; *see also Thompson v. State*, No 19-0322, 2020 WL 2060310, at *3-4 (Iowa Ct. App. Apr. 29, 2020) (noting the court left the term undefined). We have several times considered the meaning of the phrase "filed promptly" as used in *Allison*. *See Thompson*, 2020 WL 2060310, at *3 (collecting cases). Where a defendant delays one year

or more in filing a PCR application after procedendo issues, we have determined that such a delay precludes the application of *Allison*. *See, e.g.*, *Wright v. State*, No. 19-1090, 2020 WL 4207398, at *1–2 (Iowa Ct. App. July 22, 2020) (fifteen months); *Fountain v. State*, No. 17-2024, 2019 WL 5424928, at *3 n.9 (Iowa Ct. App. Oct. 23, 2019) (nearly two years); *Kelly v. State*, No. 17-0382, 2018 WL 3650287, at *3–4 (Iowa Ct. App. Aug. 1, 2018) (more than fifteen months).

In *Polk v. State*, No. 18-0309, 2019 WL 3945964, at *1 (Iowa Ct. App. Aug. 21, 2019), we found that a second PCR application was not "filed promptly" within the meaning of *Allison* because it was "nearly six months" after procedendo that the second PCR application was filed. The instant case falls between the "nearly six months" at issue in *Polk* and the fifty-six days at issue in *Allison*. The court below relied on *Polk* in finding Maddox's second PCR application untimely, a finding echoed in the State's appellate brief.

Maddox argues we should find his second PCR application was "filed promptly" because of the holding of *Goode v. State*, 920 N.W.2d 520 (Iowa 2018). He points out that the *Goode* applicant's second PCR application was filed ninety days after the *Goode* decision. We find two issues with this argument.

First, the *Goode* decision resulted from the applicant's appeal of his first PCR proceedings. *See* 920 N.W.2d at 523. Thus, the decision does not assist in defining when a *second* PCR application is filed promptly within the meaning of *Allison*.

Second, although Maddox points out that the *Goode* applicant filed a PCR application ninety days after the date of the opinion, section 822.3 instructs that, "in the event of an appeal," the relevant measuring date for purposes of limitations

period is "the date the writ of procedendo is issued," not the date an appellate court issues an opinion. *See* Iowa Code § 822.3. We, therefore, do not consider the ninety days between the *Goode* decision and Goode's second PCR application to be relevant to our timeliness analysis here. Following the *Goode* decision, procedendo issued on December 20, 2018, and the second PCR application related to that case was filed on February 14, 2019, less than two months later. Because this time period is shorter than the analogous period in *Allison* and because the *Goode* decision arose in a different procedural posture than the instant case, we find neither the *Goode* decision nor the case's subsequent proceedings to be instructive.

We determine that the 121-day delay in Maddox's filing a second PCR application resulted in the application not being "filed promptly" within the meaning of *Allison.* As we have previously noted, "promptly" means "in a prompt manner; at once; immediately, quickly." *Cook v. State*, No. 17-1245, 2019 WL 719163, at *4 n.6 (Iowa Ct. App. Feb. 20, 2019) (quoting *Promptly*, *Webster's Third New Int'l Dictionary* 1816 (unabr. ed. 2002)); *see also Polk*, 2019 WL 3945964, at *2 (same).

As the State points out, many common filing deadlines are substantially shorter than 121 days, including those related to appeals from final orders in Iowa district courts, *see* Iowa R. App. P. 6.101(1)(b) (thirty days), and petitions to the United States Supreme Court for a writ of certiorari, *see* U.S. Sup. Ct. R. 13(1) (ninety days). While the delay at issue here is the shortest we have yet had the occasion to consider since *Allison*'s publication, it still far exceeds the length of common filing deadlines. In this case, 121 days elapsed between procedendo and the filing of the relevant PCR application, a period over twice as long as was

deemed prompt in *Allison*.  We find no error in the district court's grant of the motion for summary dismissal.

**AFFIRMED.**